UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JARAH MICHAL DAVIS,<br>Petitioner, | :<br>:<br>: |
| v. | : Case No. 3:19-cv-1431 (KAD)<br>: |
| STEVEN FAUCHER,<br>Respondent. | :<br>: |

## RULING ON RESPONDENT'S MOTION TO DISMISS

**Preliminary Statement**

On September 10, 2019, the petitioner, Jarah Micah Davis ("Davis"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2017 convictions. Although Davis lists the three counts with which he was charged, sexual assault in the first and second degrees and delivery of alcohol to a minor, Pet., Doc. No. 1, at 2 ¶ 5, it is clear that Davis was convicted only of sexual assault in the second degree and delivery of alcohol to a minor. Resp't's Mem., Doc. No. 11 at 1; *see also State v. Davis*, 180 Conn. App. 799, 801, 185 A.3d 654, 656 (2018). Davis asserts two Sixth Amendment challenges to his conviction, the substance of which are not germane to the issues pending before the Court. Pending is the respondent's motion to dismiss the petition as time-barred. For the following reasons, the respondent's motion is denied.

**Procedural Background**

Davis was convicted after a jury trial on one count of sexual assault in the second degree and one count of delivery of alcohol to a minor. *Davis*, 180 Conn. App. at 801, 185 A.3d at 656.

He was sentenced to a term of imprisonment of nine years, execution suspended after fifty months, followed by ten years of probation. *Id.* at 803-04, 185 A.3d at 658.

Davis timely filed a direct appeal from this conviction. On appeal, he asserted first, that there was insufficient evidence to prove beyond a reasonable doubt that the alleged victim was physically helpless within the meaning of the statute and, second, that the trial court improperly denied his pretrial motion to dismiss the second count of the substitute information charging him with sexual assault in the second degree. On April 10, 2018, the Connecticut Appellate Court affirmed Davis' conviction. *Id.* at 801, 185 A.3d at 656. On April 25, 2018, Davis filed a Petition for Certification to the Connecticut Supreme Court.

On May 23, 2018, the Connecticut Supreme Court denied the Petition for Certification. *State v. Davis*, 328 Conn. 941, 184 A.3d 760 (2018). Davis did not file a petition for writ of certiorari in the United States Supreme Court. Doc. No. 1 at 4 ¶ 16. Nor did he file a petition for writ of habeas corpus in state court. Id. at 5 ¶ 17. However, on June 1, 2018, Davis filed a motion for reconsideration *en banc* in the Connecticut Supreme Court seeking reconsideration of the denial of his Petition for Certification. That motion was denied on September 12, 2018. Doc. No. 1 at 239 (order denying motion for reconsideration).

As indicated, Davis electronically filed this federal petition on September 10, 2019.[1]

**Discussion**

Generally, a defendant challenging a judgment of conviction imposed by a state court must bring a federal habeas corpus petition within one-year from the date the state conviction

---

[1] Davis' declaration under penalty of perjury on the petition is dated September 29, 2019. Doc. No. 1 at 19. As this date is obviously incorrect, the Court assumes the petition was given to prison officials for filing on September 10, 2019, the first of the two dates on the petition indicating that it was scanned and emailed to the court. *Id*. at 1.

2

became final. *See* 28 U.S.C. § 2244(d)(1). The date a conviction becomes final is defined as the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed,[2] *id.*, and may be tolled for any period during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (direct review of a conviction includes review by Supreme Court on petition for writ of certiorari).

Here, the respondent argues that the petition is time-barred because the petitioner's conviction became final as of August 22, 2018 and therefore the limitations period ended one year later, on August 22, 2019. Specifically, the respondent contends that the limitations period commenced on August 22, 2018 because that is the day following the conclusion of the ninety (90) day period during which Davis could have filed a petition for certiorari to the United States Supreme court following the Connecticut Supreme court's denial of the Petition for Certification on May 23, 2018. The respondent further relies on the fact that Davis did not file any post-conviction challenges that would otherwise toll the limitations period.

The respondent does not, however, address the motion for reconsideration *en banc* or its impact on the date Davis' conviction became final. A timely motion for reconsideration delays the date on which a conviction becomes final.[3] *See, e.g. Clark v. Barkley*, 51 F. App'x 332 (2d

---

[2] The statute also provided that the limitations period may commence on
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date of which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1). None of these provisions are relevant to this action.

[3] Although the Court did not find binding precedent on this issue, common sense supports this conclusion.

3

Cir. 2002). There, the court noted that the ninety-day period to file a petition for certiorari commenced after the highest state court denied a motion for reconsideration.[4] *Id.* at 333. The court also noted that an untimely filing would have no effect. *Id.* at 335. *See also Vega v. Bellnier*, No. 10-CV-4202(KAM), 2010 WL 4484377, at *1 (E.D.N.Y. Nov. 1, 2010) (stating that petitioner's conviction would become final ninety days after New York Court of Appeals denied leave to appeal or, if motion for reconsideration was timely filed under state law, ninety days after New York Court of Appeals denied motion for reconsideration of denial of leave to appeal).

The Connecticut Rules of Appellate Procedure provide that a motion for reconsideration must be filed within ten (10) days "from the date when the decision or any order being challenged is officially released." Connecticut Practice Book, Sec. 71-5. The Connecticut Supreme Court denied the Petition for Certification on May 23, 2018. Davis filed his motion for reconsideration on June 1, 2018, nine days later. Thus, the motion for reconsideration was timely filed. It was denied on September 12, 2018. Davis' conviction, therefore, became final ninety days later, on December 11, 2018. The one-year limitations period commenced the following day

---

Had the motion for reconsideration *en banc* been granted, the petitioner would have been given an additional opportunity to prevail on his claims in state court.

[4] Similarly, district courts generally consider a motion for reconsideration of the denial of a motion for post-conviction relief to toll the limitations period. *See, e.g., Cobaugh v. Kaplan*, No. 9:12-CV-1798(GTS/ATB), 2013 WL 6510751, at *4 (N.D.N.Y. Dec. 11, 2013) (limitations period tolled until "Appellate Division denied petitioner's motion for reconsideration from the order denying leave to appeal from the denial of petitioner's 440 motion"); *Barnes v. Brandt*, No. 09 Civ. 9533 PGG, 2012 WL 2512218, at *4 (S.D.N.Y. June 29, 2012) (limitations period remained tolled until New York Court of Appeals denied petitioner's application for reconsideration of decision denying leave to appeal denial of petition for writ of *coram nobis*); *Simpson v. Greene*, No. 03 Civ. 6323 GEL, 2003 WL 22999489, at *1 n.2 (S.D.N.Y. Dec. 22, 2003) ("better view … is that [petitioner's] reconsideration motion at most tolled the statute of limitations while it remained pending").

4

and would have expired on December 11, 2019. Davis' petition, filed in September 2019, was timely filed.

**Conclusion**

The respondent's Motion to Dismiss [**Doc. No. 10**] is **DENIED**.

The respondent is directed to file his response to the petition on or before **March 2, 2020**.

**SO ORDERED** this 28th day of January 2020 at Bridgeport, Connecticut.

/s/
Kari A. Dooley
United States District Judge